# United States District Court

__NORTHERN__ DISTRICT OF _____

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**
TEXAS - 9 2009
CLERK, U.S. DISTRICT COURT
By _____
Deputy

UNITED STATES OF AMERICA

V.

DONALD MEANS

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER: 3-09-MJ-__379__

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On a date between January 1, 2009 and October 20, 2009, the exact dates being unknown, in Dallas Division of the Northern District of Texas, defendant, did

> knowingly produce a visual depiction that depicts a minor engaging in sexually explicit conduct and that was produced using materials that have been mailed, or that have been shipped or transported in interstate or foreign commerce by any means, including by computer, and is obscene,

in violation of Title 18, United States Code, Section(s) 1466A(a)(1).

I further state that I am a(n) Special Agent with Department of Homeland Security, Immigration and Customs Enforcement (ICE) and that this complaint is based on the following facts:

See attached Affidavit of Special Agent Bradley Hudson, (ICE) which is incorporated and made a part hereof by reference.

Continued on the attached sheet and made a part hereof:   X Yes   No

_____
Signature of Complainant
BRADLEY HUDSON
Special Agent, ICE

Sworn to before me and subscribed in my presence, on this __9th__ day of November, 2009, at Dallas, Texas.

IRMA C. RAMIREZ
UNITED STATES MAGISTRATE JUDGE
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

## AFFIDAVIT

I, Bradley Hudson, being duly sworn, declared and state as follows:

1. I am a special agent with the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE), assigned to the Special Agent in Charge, Dallas, Texas. Prior to being employed with ICE, I was employed with the United States Customs Service as a special agent from 1998 through 2002. From 2002 until May of 2006, I was employed with the Federal Air Marshal Service as an Air Marshal. As part of my duties as an ICE agent, I investigate criminal violations relating to child exploitation and child pornography, including violations pertaining to the illegal production, distribution, receipt and possession of child pornography, in violation of 18 U.S.C. §§ 2252 and 2252A. I have received training in the area of child pornography and child exploitation, and have had the opportunity to observe and review thousands of examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media. I have been involved in numerous child pornography investigations and am very familiar with the tactics used by child pornography offenders to receive, collect, hide and distribute child pornography.

2. This affidavit sets forth facts and suggest reasonable inferences from those facts, establishing that there is probable cause to believe that on a date between January 1, 2009 and October 20, 2009, the exact dates being unknown, in the Northern District of Texas, Donald MEANS knowingly produced a visual depiction that depicts a minor engaging in sexually explicit conduct and that was

produced using materials that have been mailed, or that have been shipped or transported in interstate or foreign commerce by any means, including by computer, and is obscene, in violation of 18 U.S.C. § 1466A(a)(1).

3. The information contained in this affidavit is based on my personal knowledge and experience, my personal participation in this investigation, and information obtained from other law enforcement officers and/or agents. Since this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that a violation of 18 U.S.C. § 1466A(a)(1) has been committed at 3669 FM 1568 Campbell, Texas, by Donald MEANS.

## OVERVIEW OF INVESTIGATION

4. On October 20, 2009, the Hunt County Sheriff's Department (HCSO), in conjunction with police officers from the surrounding cities, was conducting compliance checks of the registered sex offenders residing in their county. At approximately 2030 hours, Hunt County Sheriff's Department Investigator Joel Gibson, Greenville Police Department Detective Jason Smith, Hunt County Constable Deputy Shannon Thornton, and Commerce Police Department Detective Jerry Denton, arrived at 3669 FM 1568 Campbell, Texas, the residence of Donald MEANS and Ronald Means, both of whom are registered sex offenders in Hunt County. Upon arrival, Investigator Joel Gibson presented Donald MEANS with a consent to search form entitled, *Residence Consent to*

*Search Form*, that Donald MEANS then signed allowing officers to inside the house to conduct the compliance check. During the compliance check, law enforcement officers observed a desktop computer in Donald MEANS's bedroom. Officers obtained consent, orally and in writing, from MEANS to search his computer, a Dell Dimension 8400 with serial number JQLDD51.

5. At approximately 2130 hours, officers began the consensual search of MEANS's computer. Using ImageScan software, officers found images of nude prepubescent females on MEANS's computer. For example, according to Detective Jerry Denton, one of the images depicted two nude females, one appearing to be a minor, displaying her breasts. Another image from the computer was described as a composite image of a prepubescent child sitting on the shoulders of an adult male. Although the child is wearing socks, he/she otherwise appears to be nude, and the adult, who is pictured only from the waist up, is not wearing a shirt. The prepubescent child has his/her fist inside the adult's mouth. Because of the concerning nature of the images and pursuant to the written consent to search, police seized Donald MEANS's computer for further forensic examination.

6. On October 21, 2009, HCSO and the Texas Rangers requested assistance from Immigration and Customs Enforcement (ICE) in the investigation of Donald MEANS. After receiving the request, I traveled to the HCSO, and took custody of and transported Donald MEANS's computer to the ICE office in Irving, Texas for further examination.

7. At the ICE office, computer forensic agent (CFA) Howard Harris conducted a preliminary forensic examination of Donald MEANS's computer. In the unallocated space of the computer, CFA Harris located approximately 40 composite ("cut and paste" or "morphed") image files depicting what appear to be images of prepubescent females with exposed adult penises in their faces or mouths and/or ejaculate on their faces and/or mouths. I have attached copies of four (4) of these same images and they are fully incorporated herein by reference as **Exhibit 1**. CFA Harris also located three images (two were duplicates) of nude minors. One image depicts three nude prepubescent females sitting on the beach. All three are wearing flower crowns, leis, and sandals. The vagina of the girl in the middle is exposed. The other image is a black and white image. It depicts a nude minor female standing in the water. Her breasts and vagina are exposed.

8. On October 29, 2009, I, with assistance of Special Agent Jason Prasnikar and Detective Joel Gibson, interviewed Donald MEANS at his place of employment, Mary of Puddin Hill (a candy store), in Greenville, Texas. During the interview, MEANS admitted that he had created the composite images discovered on his Dell Dimension 8400 using a program, possibly Microsoft Paint, which was installed on his computer. After admitting to making the composite images, MEANS explained that the source of the images of the nude adult males and the adult penises depicted in the composite images was a computer disk containing adult pornography. MEANS stated that he located the disk while he was unpacking some of his boxes. In response to questions about the

prepubescent females in the image files, MEANS advised that these images came from pictures of minor females he found in his art magazines and/or other advertisements. When MEANS found an image of a minor female he liked, he scanned the image into his computer and used one of the installed programs to create the composite image.

9. MEANS told agents that he did not know why he created the composite images, but explained that he would delete the images after he created them. MEANS admitted to creating the composite images beginning in January 2009. When questioned about his sexual interest in prepubescent females, MEANS admitted that he was sexually attracted to the images, but denied masturbating to the image files while viewing them on his computer.

10. CFA Harris confirmed that the Dell Dimension 8400 computer with serial number JQLDD51 used to produce the composite images contained two computer hard drives, a Maxtor 160 gigabyte hard drive manufactured in Singapore and a Seagate 160 gigabyte hard drive manufactured in Thailand.

11. I conducted a query of the National Crime Information Center (NCIC) for Donald MEANS. The query results confirmed that Donald MEANS is a sex offender, having been convicted in federal court on child pornography charges, specifically Receipt and Possession of Child Pornography, in violation of 18 U.S.C. § 2252. I also contacted the United States Probation Office and spoke to United States Probation Officer (USPO) James Collier in the Garland, Texas office. USPO Collier is MEANS's probation officer. According to USPO Collier,

Donald MEANS was released from prison in April 2007, and is currently on supervised release for his child pornography convictions. USPO Collier again confirmed that Donald MEANS is a registered sex offender.

## CONCLUSION

Based on the foregoing facts and circumstances, I respectfully submit that there is probable cause to believe that on a date between January 1, 2009 and October 20, 2009, the exact dates being unknown, in the Northern District of Texas, Donald MEANS knowingly produced a visual depiction that depicts a minor engaging in sexually explicit conduct and that was produced using materials that have been mailed, or that have been shipped or transported in interstate or foreign commerce by any means, including by computer, and is obscene, in violation of 18 U.S.C. § 1466A(a)(1). I respectfully request that this Court issue a warrant for Donald MEANS's arrest.

_____
Bradley Hudson
Special Agent, Department of Homeland Security
Immigration and Customs Enforcement

Subscribed and sworn before me this 9th day of November 2009.

_____
Honorable Irma C. Ramirez
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

**In The Matter Of The Complaint Of**  
**Donald Ray Means**

CASE NO:_____

# EXHIBIT 1

[Filed Under Seal Of Court Pursuant
To Title 18 United States Code § 3509]